IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Cliff Ford, #265454, ) | |
| ) | Civil Action No. 6:06-1217-GRA-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden of Stevenson Correctional ) | |
| Institute, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently confined at the Stevenson Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Georgetown County. The petitioner was indicted in September 1999 by the Georgetown County Grand Jury for distribution of crack cocaine within ½ mile of a school or park and distribution of crack cocaine. (99-GS-22-0679 & 99-GS-22-0680). He was represented at trial by attorney Julian Hanna. The petitioner's trial was to begin on May 28, 2000, before the Honorable Rodney A. Peeples and a jury. However, before opening statements began, the petitioner decided to plead guilty to both

charges. The petitioner's plea was "straight up"; there were no recommendations from or negotiations with the State. Judge Peeples sentenced him to 12 years and a $50,000 fine for distribution of crack. On the proximity charge, Judge Peeples sentenced the petitioner to a consecutive 15 years and $10,000 fine, provided that the sentence be suspended upon the service of three years and five years probation.

A timely notice of appeal was filed by attorney Hanna on April 5, 2000. Assistant Appellate Defender Aileen Clare of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his direct appeal. On January 10, 2001, Clare filed with the South Carolina Court of Appeals a final brief of appellant, in which she raised the following issue on behalf of the petitioner:

Was Appellant's guilty plea knowing and voluntary?

The State filed a final brief of respondent on January 12, 2001. On April 19, 2001, the South Carolina Court of Appeals issued an opinion in which it affirmed the convictions and sentences. *State v. Ford*, Unpub Op. No. 2001-UP-219 (S.C. Ct. App. 2001). The remittitur was sent down on May 7, 2001.

The petitioner next filed in Georgetown County Common Pleas Court an application for post-conviction relief ("PCR"), on March 26, 2002 (02-CP-22-0264). In the application, the petitioner raised the following grounds for relief (verbatim):

> (1) Ineffective assistance of counsel. Applicant was denied the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution by failing to object to the plea and for failing to have the plea negotiation made part of the record.
>
> (2) Applicant asserts that the court lacked jurisdiction to except his pleas as the sentence of the court is in violation of Article XII, §2 of the South Carolina Constitution and counsel was ineffective for failing to object to the jurisdiction of the Court to except a pleas that counsel and the court knew or should have know was illegal, therefore he was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

> (3) The Applicant would assert that the decision of Al-Shabazz v. State, 338 S.C. 354, 527 S.E.2d 742 (S.C. 2000) violates the separations clause of the State and Federal Constitutions inasmuch as its holdings constitute an attempt by the Supreme Court of South Carolina to amend the terms of the Uniform Post-Conviction Relief Procedures Act, §17-27-10 et seq S.C. Code Ann. (1985) thereby usurping the legislative function of the General Assembly.
>
> (4) Applicant received ineffective assistance of counsel in violation of the sixth and Fourteenth Amendments to the United States Constitution by counsel failure to advise the Applicant he could have requested a lesser offense instruction had he went to trial.

The State subsequently filed a return on January 22, 2004. The petitioner also filed a "Motion for Summary Judgment," in which he made the following claims:

> The Applicant asserts that the trial court was without subject matter jurisdiction and that his conviction are void.

An evidentiary hearing was held in the petitioner's PCR on April 26, 2004, before the Honorable B. Hicks Harwell. The petitioner was present and represented by his counsel, Reuben C. Goode. The petitioner called himself to testify; the State called trial counsel. On June 27 , 2004, Judge Harwell filed an order of dismissal in which he rejected the petitioner's claims of involuntary plea due to ineffective assistance, double jeopardy, and lack of subject matter jurisdiction.

A timely notice of appeal from Judge Harwell's order was filed with the state supreme court by Attorney Goode. Assistant Appellate Defender Wanda P. Hagler, of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his PCR appeal. On March 14 , 2005, Hagler filed a "no merit" *Johnson* petition for writ of certiorari and petition to be relieved as counsel, in which she raised the following issue on behalf of the petitioner:

> The PCR court erred in denying petitioner's claim that the indictments issued in the case were defective.

3

The State filed a letter return to the *Johnson* petition on March 15, 2005. The petitioner filed a *pro se* "Supplemental Petition for Writ of Certiorari" dated April 6, 2005, in which he raised the following issue:

> Whether the court had jurisdiction to accept petitioner's plea, where the body of the indictment failed to include an essential element: or specific statute code, so that the court lacked subject matter jurisdiction?

On April 5, 2006, the South Carolina Supreme Court issued an order in which it denied the petition for writ of certiorari and granted the petition to be relieved as counsel. The remittitur was sent down on April 21, 2006.

In his petition now pending before this court, the petitioner raises the following grounds for relief (verbatim):

> (1) Trial counsel was ineffective, for his failing to object to the involuntary pleas. Applicant was denied the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution by failing to object to the pleas and for failing to have the plea negotiation made part of the records; and, placing prior negotiation's on the records, resulting in gross prejudices to applicant.
>
> (2) Subject Matter Jurisdiction. The Court lacked jurisdiction to except his pleas as the sentence of the is in violation of Article XII, § 2 of the South Carolina Constitution and counsel was ineffective for failing to object to the jurisdiction of the Court to except a plea that counsel and the Court knew or should have known was illegal. As a result, applicant was denied effective assistance of counsel as guaranteed and in violation of the Sixth and Fourteenth Amendment to the United States Constitution.
>
> (3) The applicant's sentence is more than that which was ordered by the presiding Judge. Applicant was to serve a three (3) years sentence with five (5) years to be by way of probation, and not the twelve (12) years applicant is presently serving.
>
> (4) Subject Matter Jurisdiction, the Indictments were defective. The indictments were defective, they failed to allege the essential elements of the crime of possession of crack cocaine. It has been long standing that the circuit does not have

4

subject matter jurisdiction to convict/accept a plea from a defendant of an offense unless there is an indictment which sufficiently states the offense, the defendant waives presentment, or the offense is a lesser included offense of the crime charged in the indictment.

On August 22, 2006, the respondents filed a motion for summary judgment. By order filed August 24, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on September 20, 2006.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

>     (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## ANALYSIS

In his first ground for relief, the petitioner claims he was denied effective assistance of counsel at his guilty plea because his attorney failed "to have the plea negotiation made part of the records and placing prior negotiations on the records." Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually

prejudiced him.  Review of counsel's performance is "highly deferential."  *Id.* at 689.  With respect to guilty plea counsel, a petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59  (1985).

At the PCR hearing, the petitioner claimed that when he finally pleaded guilty, his attorney told him "to take the deal, the 15 suspended, 3 to 5 years probation" (app. 90-91).  In contrast, counsel's testimony detailed the repeated plea offers the petitioner rejected, and counsel noted that the petitioner finally decided to plead guilty as trial began when he saw a childhood friend in the hallway apparently prepared to testify against him (app. 96-100).  The PCR court generally found the petitioner's testimony not to be credible and plea counsel's testimony credible, and credited counsel's explanation about the petitioner's decision to plead guilty (app. 112-13).  The state supreme court denied certiorari after *Johnson* review.

As argued by the respondents, plea counsel's testimony is sufficiently supported in the record to sustain a determination that counsel did not promise the petitioner a three-year suspended sentence by the time the petitioner pleaded guilty after trial had begun.  Indeed, counsel specifically testified that while he initially tried prior to trial to get a three-year and then a five-year plea bargain for the petitioner, both offers were denied by the prosecutor.  Further, as trial approached, the petitioner rejected plea offers for which the judge said he would likely impose an eight- or ten-year active sentence (app. 98-99).  Thus, the record refutes the petitioner's contention that he was ever promised a suspended sentence for three to five years of probation.

Further, the colloquy between the petitioner, the trial court, and counsel at the plea hearing refutes any allegation that the petitioner was under the misunderstanding he would receive a three-year sentence, or even that he would receive any particular sentence at all.  As opening arguments were about to begin, the trial court allowed the petitioner and

7

counsel to go into the hall and speak, after which counsel stated the petitioner wanted to plead "based on our earlier conversations with the Court." The trial court responded that those discussions were for 10 years on one charge and 15 years suspended on service of two on the other. However, the court stated that he was explicit during those conversations that "all that's off" once a jury was drawn. The court specifically pointed out that any plea would be "straight up," and the petitioner and counsel needed to understand that. After further private conversations between the petitioner and counsel, counsel indicated that the petitioner still wanted to plead guilty (app. 17-19).

During the plea colloquy, counsel specifically noted that he had explained to the petitioner that he faced up to 40 years total on the two charges (app. 21). The court then reiterated those possible penalties. The court explained to the petitioner that with regard to the plea bargains from "last week, yesterday, and this morning," "those deals are off," and "the court is not bound by any recommendation." When the petitioner denied he understood this point, the court again explained that "there are no deals," that the court did not know what sentence it was going to impose upon the petitioner until after hearing all the information, and that there was "no promise by this Court as to what the sentence will be." The petitioner then stated he understood and wanted to plead guilty anyway (app. 24-25).

Based upon the foregoing, the record contradicts the petitioner's assertion that he was under a misapprehension from counsel as to an alleged deal when he decided to proceed with his plea. *See Moorehead v. State*, 496 S.E.2d 415, 416-17 (S.C. 1998) (transcript of guilty plea hearing will be considered to determine whether any alleged erroneous information from counsel was cured by information the trial judge conveyed at plea proceeding, and applicant indicated to the judge that he understood the possible sentences and the terms of the plea agreement); *Brooks v. State*, 481 S.E.2d 712, 713 (S.C. 1997) (trial court is not required to accept negotiated sentence, and guilty plea transcript indicates trial court informed applicant of possible sentence); *Rayford v. State*,

443 S.E.2d 805, 806-807 (S.C. 1994) (record of plea proceeding, including applicant's answers to the trial judge's questions, clearly establishes that applicant could not have had misconceptions regarding sentencing). Based upon the foregoing, the claim fails.

In his second ground for relief, the petitioner alleges that the trial court lacked subject matter jurisdiction to accept his plea as the sentence was in violation of Article XII section 2 of the South Carolina Constitution, which provides that the legislature shall establish prisons and shall provide for the "health, welfare, education, and rehabilitation of the inmates." As argued by the respondents, the petitioner's assertion raises an issue of state constitutional and jurisdictional law and does not implicate any federal constitutional claims. Therefore, it is not cognizable in a federal habeas case. *Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976) ("Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"). Thus, this allegation fails to state a claim upon which federal habeas relief may be granted.

The petitioner further alleges in his second ground for relief that his counsel was ineffective for failing to object to the subject matter jurisdiction of the court. Even if the South Carolina Department of Corrections violated the state constitution by failing to provide sufficient rehabilitation to a convicted inmate, it would in no way affect the jurisdictional validity of the underlying convictions and the sentencing court. Thus, the petitioner's counsel could not have been deficient nor could the petitioner have been prejudiced by the failure to object. Accordingly, the claim fails.

In his third ground for relief, the petitioner alleges that the sentence he received "is more than that which was ordered by the presiding judge. Applicant was to serve a three year sentence with five years to be by way of probation, and not the 12 years [he] is presently serving." The record of the petitioner's plea shows that the judge clearly sentenced the petitioner – both orally and in writing – to 12 years for distribution of crack

and a consecutive 15 years suspended on service of three years and five years probation for the proximity charge (app. 47-49; 108-109). The judge went on to explain to the petitioner, "[Y]ou serve the twelve or a certain portion of it; then you've got the three to serve; then you're on probation for five years" (app. 49). As argued by the respondent, the colloquies at the plea, as set forth above, show that the judge clearly and carefully explained to the petitioner that all deals were off, and the petitioner indicated his understanding (app. 17-19; 24-25). Based upon the foregoing, the claim fails.

In his fourth ground for relief, the petitioner alleges that the indictments were defective as they failed to allege the essential elements of the crime of possession of crack cocaine. Thus, the petitioner claims that the sentencing court did not have subject matter jurisdiction. The respondent argues that the claim fails as a basis for federal habeas corpus relief. This court agrees. As set forth above with regard to the second ground for relief, the petitioner's assertion raises an issue of state constitutional and jurisdictional law and does not implicate any federal constitutional claims. Therefore, it is not cognizable in a federal habeas case. *Wright*, 151 F.3d at 157-58; *Wills*, 532 F.2d at 1059. *See also* 28 U.S.C. § 2254(a) (habeas corpus relief is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Thus, this allegation fails to state a claim upon which federal habeas relief may be granted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted.

January 22, 2007

Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE